UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE GARZA,<br><br>        **Plaintiff**<br><br>        v.<br><br>FMC TECNHNOLOGIES, TECHNIP USA, INC., and DOES 1-25 inclusive,<br><br>        **Defendants** | CASE NO. 1:21-CV-0874 AWI JLT<br><br>**ORDER VACATING SEPTEMBER 13, 2021 HEARING, ORDER ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER, and ORDER TRANSFERING CASE TO THE WESTERND DISTRICT OF TEXAS – MIDLAND-ODESSA DIVISION**<br><br>(Doc. No. 5) |

    This removed case from the Kern County Superior Court is a labor dispute between Plaintiff Vicente Garza ("Garza") and his former employers Defendants FMC Technologies ("FMC") and Technip USA, Inc. ("TUI") (collectively "Defendants"). Currently set for hearing and decision on September 13, 2021 is Defendants' motion to dismiss or transfer. See Doc. No. 5. Plaintiff has filed no opposition and the time to do so has passed. See Local Rule 230. Pursuant to Local Rule 230, the Court will vacate the September 13 hearing date and issue this order, which grants Defendants' motion and transfer this matter to the Western District of Texas – Midland-Odessa Division

**BACKGROUND**

From the Complaint, Defendants are headquartered in Houston, Texas[1] and Garza is a resident of Kern County, California. FMC manufactures sophisticated oil and gas production equipment. Garza began working for Defendants in 2012. In 2015, Garza had a heart attack and was diagnosed with coronary arterial disease and coronary artery bypass disease. Garza returned to work in March 2016 but was under a doctor's order to not work more than 16 hours a day and to not lift over 20 lbs. Garza was later cleared to lift no more than 20 lbs. and work a 40 hour week.

In May 2016, Defendants sent Garza to work in Odessa, Texas and paid for a hotel from May 2016 to October 2016, as they stated that they would pay for Garza's lodging while he worked for them in Texas. From October 2016 to the present, Defendants stopped paying for Garza's lodging and Garza got an apartment (presumably in Odessa) that he paid for. Defendants also demanded that Garza work overtime and standby. Garza often worked around the clock without being paid for standby. Plaintiff complained to a service coordinator and a service manger about not getting paid standby and being overworked in light of his heart condition.

Sometime after a long exhausting day in the Texas heat on an oil rig, Garza began shaking, did not feel right, felt light-headed, dizzy, faint, and had tingling legs. Defendants had been scheduling Garza to work around the clock in the heat despite his doctor's orders. Garza could not call an ambulance because it was four hours away. Garza waited an hour and then drove four hours to his apartment. The next morning, he obtained medical care and was stabilized.

Garza informed his rig manager that he could not come to work because he was at a high risk for having a heart attack. The rig manager told Garza to take as much time as he needed and to call the base manager. The base manager told Garza not to worry and to take as much time as he needed. The base manager called the HR department, and HR began taking steps for disability paperwork to be completed.

Garza saw his primary care physician and obtained care, cardiac evaluations, and lab work. Garza was diagnosed with acute chest pain, hyperglycemia, and severe hypertension. Defendants subsequently terminated Garza's employment.

---

[1] The notice of removal indicates that Defendants are each dual citizens of Delaware and Texas. See Doc. No. 1.

2

# DEFENDANTS' MOTION

*Defendants' Argument*

Defendants argue *inter alia* that there are no facts alleged in the Complaint that suggest that any wrongful acts occurred in California. Instead, the Complaint indicates that Garza was living and working in Texas, dealing with Texas based managers and personnel, receiving medical care in Texas, and was terminated in Texas. The allegations show that this case should have been brought in Texas. Under 28 U.S.C. § 1406, this Court should either dismiss this case for improper venue or transfer the case to the Western District of Texas.

*Plaintiff's Opposition*

Garza filed no opposition or response of any kind to Defendants' motion.

*Legal Standard*

28 U.S.C. § 1391 is the general venue statute and, except as otherwise provided by law, governs "the venue of all civil actions brought in the district courts of the United States." 28 U.S.C. § 1391(a)(1). In relevant part, the general venue statute provides:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Whether venue is proper under § 1391(b)(2) "depends only on the events surrounding [the plaintiff's] claims." Bozic v. United States Dist. Ct., 888 F.3d 1048, 1054 (9th Cir. 2018). For purposes of § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005); Technology Credit Corp. v. N.J. Christian Acad., Inc., 307 F.Supp.3d 993, 1002 (N.D. Cal. 2018); Samson Tug & Barge Co. v. Koziol, 869 F.Supp.2d 1001, 1015 (D. Alaska 2012).

The plaintiff has the burden of showing that venue has been properly laid in the chosen forum. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). If a plaintiff's chosen venue is improper, district courts have the discretion to dismiss or transfer the case. King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Doe 1 v. AOL LLC, 552 F.3d 1077, 1088 n.7 (9th Cir. 2009).

*Discussion*

There is nothing about Garza's complaint that adequately indicates that the Eastern District of California is an appropriate venue. The Complaint indicates that Garza resides in Kern County, but that is the only substantive allegation that has any connection to the Eastern District. Otherwise, all of the allegations appear to involve conduct that occurred in the vicinity of Odessa, Texas. The Complaint shows that Garza worked in Texas, lived in Odessa, Texas while he was working for Defendants (from 2016 to the 2021), received medical care in Texas, complained about his working conditions, scheduling, and pay in Texas to Texas based personnel, and was terminated in Texas. The notice of removal shows that Defendants are headquatered in Houston, Texas, which means that the termination decision likely originated in Texas. Garza's failure to respond to the opposition and failure to challenge any of the arguments made by Defendants lead the Court to conclude that no substantial events took place in California and that myriad substantial events, if not all, occurred in Texas. Therefore, there is no provision of § 1391(b) that properly sets venue in the Eastern District of California, but venue would clearly be appropriate in the Western District of Texas – Midland-Odessa Division under § 1391(b)(2).

It is Garza's burden to show that venue in the Eastern District of California is proper. Piedmont Label, 598 F.2d at 496. The allegations in the Complaint do not properly lay venue in the Eastern District of California. Garza's failure to respond to Defendants' motion means that Garza has failed to meet his burden. Because Defendants are Texas citizens and Defendants themselves admit that venue is appropriate in the Western District of Texas, the Court will transfer this matter to the Western District of Texas – Midland-Odessa Division.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The September 13, 2021 hearing date is VACATED;
2. Defendants' motion to dismiss or transfer (Doc. No. 5) is GRANTED;
3. The Clerk shall TRANSFER this matter forthwith to the Western District of Texas – Midland-Odessa Division and CLOSE this case.

IT IS SO ORDERED.

Dated:   September 9, 2021                          _____
                                                                                 SENIOR DISTRICT JUDGE